Pg. (1) of (5) Citations To Relevant Cases And Statutory Authorities

Here Within This Petitioner's, 28-U.S.C.-2254 Habeas Corpus; and the Grounds Therein; And To Include, The Eleventh Appellate District Appeal Courts, Defendants, Assignments Of Error's, To Wit;

(I.) The Trial Court Committed Plain Error, To The Substanial Prejudice Of The Defendant By Denying The Motion To Remove Juror Number (20) For Cause; (Citing), Coffin V. United States, 156 U.S. 432, 15 S. Ct. 394, 39 L. Ed. 481 (1895)

(II.) Defendant's Counsel Was Constitutionally Ineffective By Failing To Utilize A Peremptory Challenge To Remove Juror Number (20); (Citing), Berk V. Matthews, 53 Ohio St. 3d 161, 559, N.E. 2d 1301 (1990).

(III.) The Jury's Guilty Verdict's Are Against The Manifest Weight Of The Evidence; (Citing), Tibbs V. Florida, 457 U.S. 31, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982) > A Federal-Case.

(IV.) The Trial Court Erred By Imposing Consecutive Sentences Because The Record Clearly And Convincingly Does Not Support A Finding That Multiple Offenses Were Committed, as a Course of Conduct...

Pg. (2) of (5)

[State-Cases]

(Citing), Cross V. Ledford, 161 Ohio St. 469, 120 N.E. 2d 118 (1954). Also (Citing);

State V. Adams, 2d Dist Clark No. 2014-CA-13.

Herein And Through-out This Petitioner's, Exhaustion Of His State Remedies; Appeals Motions, Petitions, are "Echo's" thereof the Injustice Committed Within This Petitioner's Case; And More-Over The States Ability To Avoid, Ignore And Dismiss There Opportunities Theretofore "Corrective Justice" each time.

Later These Opposing Party Will (Say), this Petitioner Failed To Use All of His, "State Remedies"; [But wait a minute; I'm Sorry; they already did].

The Miscarriage Of Justice, Within This Petitioner, Keith L. Cooper Case; has been Reckless With Intent, By This Common Pleas Court Judge, the Prosecution; And Saddly, This Defendant's Criminal Defense Attorney.

• Matter Of Record-the-Matter Of Law Was Disregard-ed, pursuant to these Alleged Victims Criminal History.

pg. (3) of (5)

This Petitioner, Moves This Honorable Court To View-It "quote" Made by a Jurror;

The trial Court denied a Challenge for Cause to Jurror Number (20), Who answered that "he believed that there "Should be no presumption of innocence" and that prior to hearing any evidence, "the number of Victims" indicated to him that Defendant Cooper was "Probably-Guilty". [After that Point This Defendant, Keith L. Cooper, was still presumed Innocent].

- Why Didn't This Common Pleas Court Judge, Move For A "Mis-Trial"?

Defendant Cooper made Motions for judgment of Acquittal after the State's Case and after the Close of evidence, both of which were denied.
- This Defendant Should Have Been Acquitted, had it not been for this Judge's Bias, against him.

- Plain Error was Evident, but pursuant to the Standard's Of The United States Supreme Court, "Plain Error They Are Not", but yet with intent. This Ground/Assignment of error should have been in favor of Cooper.

Pg. (4) of (5)

This Opposition's, Respondent's Answer/Return Of Writ, appears to be Solely based on "Alluding And Overbreadth" Of There Own Personal Opinions, Thus Mixed With, There "Hypotheses"; To Wit, They Claim To Be Factually Correct;

Concerning What This United States District, Court, Northern District Court Of Ohio; Can And/or Can Not Do, And/or Review, And/or Accept As A "Mitigating" Circumstance that May or May Not Be In Favor Of This Petitioner's 28-USC.-2254 Habeas Corpus.

(Citing) The Fourteenth-Amendment, Section (1.) Section (2.) Sections (3.) Section (4.) And Sections (5.); The Rights Thereof A Citizen or Citizens Of the United States and of the State Wherein they reside.

No State Shall make or enforce any law Which Shall abridge the privileges or immunities of Citizens of the United States; Nor shall any person Within its jurisdiction And/or State deprive any person of Life, Liberty, or property, without due process of Law; Nor deny equal protection of the Laws.

Pg (5) of (5)

- This State Prosecution, Did Not find, Nor, Demonstrate Rational Trier Of Facts To find Each Element Of the Crime Beyond A Reasonable doubt.

- The Alleged Victims Testimonies Where [Contrary] To All Of There Police Reports; And They Where Explicitly Conflicting. They Where "Not" Sufficient Weight Of Evidence To Thus, Support Any And All Convictions.

* Please Note That The Common Pleas Court And Prosecutor, And There Assigned Counsel, Failed To Provide The Alleged-Victims Individual Police Reports Within The "State Court Records", And Documents That Where So Ordered By This Honorable United States District Court. "Why Where Those Documents Excluded"?

- This Petitioner Respectfully Moves This Honorable Court, To Dismiss This Oppositions, "Respondent's Answer/Return Of Writ;" "Of Which Was Two Days Late, And Past The Ordered And Required Dead-line." How Dare "They Argue Time Statute Of Limitations," An Commit A Time-Limitation Offense, pursuant to there own Arguements.

## Conclusion

The Petitioner Moves this Honorable Federal Habeas Corpus Court to "Dismiss" the Respondent's Answer/Return Of Writ, And it request, for the Serious Reasons, Set forth herein. Because the Case Can be decided from the records And Police Reports Conflicting Statements And The Bias-ed House Of Discretion, And Extended Leverage & Particulility Demonstrated By This Common Pleas Court, Judge. And A Evidentiary Hearing Shall Confirm And Affirm This Petitioners Facts, Finding's And Conclusions Of Law.

This is a Request Theretofore Evidentiary Hearings, To Proceed, And/or And Acquittal.

Respectfully Submitted, By,

× /s/ K Cooper

Keith R. Cooper, Pro-Se: A 774-191
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio, 44905

Dated, April 25, 2024

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing _Traverse To Return Of Writ_ was sent to: _Dave Yost Attorney General_ at: _30 E. Broad Street 23Fl., Columbus, Ohio, 43215_ by regular U.S. Mail, postage prepaid, on this _25_ day of _April_, 20_24_.

/s/ BR Cooper
_Keith R. Cooper, A 224-191_
(Name & Number)

Defendant, *Pro Se*