PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KEITH R. COOPER, | ) | |
| | ) | CASE NO.  5:24-CV-00025 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KENNETH BLACK, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 15] |

Pending before the Court is Petitioner Keith R. Cooper's *pro se* Motion to Dismiss to Magistrate Judge's Report & Recommendation.  ECF No. 15.  No other briefings have been made on the Report & Recommendation.  For the reasons below, Petitioner's Motion to Dismiss is construed as objections to the Report & Recommendation, Petitioner's objections are overruled, the Report & Recommendation (ECF No. 14) adopted, and the habeas petition (ECF No. 1) is dismissed.

### I.      Background

On July 19, 2019, a Portage County Grand Jury issued an indictment, then a supplemental indictment, charging Petitioner with two counts of rape, one count of gross sexual imposition, and two counts of sexual battery.  ECF No. 14 at PageID #: 1878.  The State dismissed one count of sexual battery.  ECF No. 14 at PageID #: 1878.  Petitioner was found guilty in a jury trial of one count of rape, and one count of sexual battery.  ECF No. 14 at PageID #: 1878.  Petitioner was sentenced to serve consecutive terms of imprisonment of eight years for rape and four years for sexual battery, for a total of twelve years.  ECF No. 14 at PageID #: 1878.

(5:24CV25)

Petitioner timely filed a notice of appeal to the Eleventh District Court of Appeals.  ECF No. 14 at PageID #: 1879.  In his brief, Petitioner raised four assignments of error: (1) substantial prejudice in denying removal of Juror Number 20 for cause, (2) ineffective assistance of trial counsel, (3) guilty verdicts were against the manifest weight of the evidence, and (4) consecutive sentences were in error because record clearly and convincingly does not support a finding that multiple offenses were committed as a course of conduct.  ECF No. 14 at PageID #: 1879.  On November 15, 2021, the Eleventh District Court of Appeals overruled each assignment of error and affirmed the trial court's judgment.  ECF No. 14 at PageID #: 1879.

Petitioner filed an appeal to the Supreme Court of Ohio raising two propositions of law: (1) ineffective assistance of trial counsel, and (2) consecutive sentences.  ECF No. 14 at PageID #: 1879.  On March 1, 2022, the Supreme Court declined to accept jurisdiction of the appeal under Supreme Court Practice Rules 7.08(B)(4).  ECF No. 14 at PageID #: 1879.

Petitioner then filed an Application to Reopen Direct Appeal in the Eleventh District Court of Appeals.  ECF No. 14 at PageID #: 1880.  He raised two assignments of error: (1) ineffective assistance of appellate counsel based on fast and speedy trial violation, and (2) ineffective assistance of appellate counsel for not raising duplicative counts.  ECF No. 14 at PageID #: 1880.  On April 15, 2022, the Court of Appeals denied the application finding that appellate counsel was not ineffective for failing to raise meritless assignments of error.  ECF No. 14 at PageID #: 1880.

On December 10, 2023, Petitioner *pro se* filed a petition to vacate or set aside judgment in state trial court.  ECF No. 14 at PageID #: 1880–82.  In this petition, Petitioner raised a variety of jurisdictional, constitutional, and procedural claims.  ECF No. 14 at PageID #: 1880–82.  The

2

(5:24CV25)

petition is still pending before the state court.  ECF No. 14 at PageID #: 1882 *and State v. Cooper*, Case No. 2019-CR-00672, (Portage Cnty. Ct. of Common Pleas).

Petitioner *pro se* filed the instant petition, dated December 10, 2023.[1]  ECF No. 1. Petitioner raised twelve grounds for relief on, broadly, validity of conviction, procedure, constitutionality, jurisdiction, and ineffective assistance of counsel.  ECF No. 1 at PageID #: 5–51.  The habeas petition was referred to a magistrate judge for preparation of a report and recommendation, pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  *See* Automatic Reference [non-document] dated 02/07/2024.  On June 4, 2024, the Magistrate Judge issued a Report and Recommendation.  ECF No. 14.  The magistrate judge recommends the Court dismiss the habeas petition as time barred under the statute of limitations, and deny Petitioner a certificate of appealability as to all grounds for lacking a substantial showing of the denial of any constitutional right.  ECF No. 14 at PageID #: 1899.

Petitioner objected[2] to the Report and Recommendation on June 12, 2024.  He repeats his previously given grounds and objects to the recommendation that the Petition be dismissed as time-barred because the content of his claims "supersede" the statute of limitation.  ECF No. 15 at PageID #: 1917.

---

[1] Under the prison mailbox rule, the date of the filing is considered to be "the time petitioner delivered [the filing] to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988).  As a result, the Court will date all filings from the Petitioner to the date provided in the document rather than the date it was entered onto the docket for the rest of the Memorandum of Opinion and Order.

[2] As indicated earlier, Petitioner filed a Motion to Dismiss Report and Recommendation (ECF No. 14).  ECF No. 15.  As a *pro se* Motion, the Court holds his pleadings to a "less stringent standard." *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)).  Thus, the Court construes the Motion to Dismiss (ECF No. 15) as Objections to the Report and Recommendation.

(5:24CV25)

## II.    Standard of Review

When a petitioner objects to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. P. 72(b)(3).  A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*  Importantly, objections "must be specific in order to trigger the de novo review." *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing Fed. R. Civ. P. 72(b)(2)).  "An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)).  "A party disappointed with the magistrate judge's recommendation has a 'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Spring*, No. 4:18-CV-2920, 2022 WL 854795, at *4. (quoting *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio July 11, 2014)).  "A general objection to the entirety of [a Report and Recommendation]" or "an exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections." *Bulls*, No. 5:16-CV-02095, 2020 WL 870931, at *1.

Pursuant to 28 U.S.C. § 2254(d), as amended AEDPA, a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable

4

(5:24CV25)

determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d)(1)–(2); *see also Wilson v. Sheldon*, 874 F.3d 470, 474–75 (6th Cir. 2017).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a).  "A federal court may not issue the writ on the basis of a perceived error of state law."  *Nguyen v. Warden, N. Cent. Corr. Inst.*, No. 19-3308, 2019 WL 4944632, at *4 (6th Cir. July 24, 2019) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).  Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters.  *See Mason v. Nagy*, No. 21-1040, 2021 WL 6502177, at *3 (6th Cir. July 27, 2021) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

*Pro se* habeas corpus pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed.  *See Urbina*, 270 F.3d at 295.  Nonetheless, Petitioner must prove his allegations by a preponderance of the evidence.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III.    Discussion

Petitioner does not object to the Magistrate Judge's finding that his petition is time barred under § 2244(d)(1).  Instead, Petitioner objects to the validity of the Report and Recommendation, the underlying criminal matter, and argues that those objections should supersede the statute of limitations.  ECF No. 15 at PageID # 1917.

Petitioner's objections fit into three categories: (1) the Magistrate Judge's Report and Recommendation lacks validity, (2) the judge of the original criminal matter lacked validity, and

5

(5:24CV25)

(3) the original criminal matter's process lacked validity.  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  The "mere[ ] restate[ment] [of] the claims made in the initial petition" and general disputes of the correctness without specificity is not sufficiently specific objections.  *See Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018).  In addition to claiming that the Report and Recommendation lacks validity, the objections are restatements of claims Petitioner brought in his federal habeas petition.  The objections to the Report and Recommendation argue that it was arbitrary, biased, and against the weight of the evidence.  ECF No. 15 at PageID #: 1903–04.  Petitioner offers no facts to support these arguments and does not point to specific portions of the Report and Recommendation which is at issue.  As importantly, Petitioner's objections do not address the Magistrate Judge's finding that his petition is time barred.  Technically, therefore, the Court need not review *de novo* the Report and Recommendation.

Because Petitioner is *pro se*, the Court explains that under 28 U.S.C. §§ 2244(d)(1)(A), Petitioner's conviction became final 90 days after the Supreme Court of Ohio denied review of his convictions on March 1, 2022.  Therefore, his conviction became final on May 30, 2022, and Petitioner had until May 30, 2023 to seek federal habeas relief.  Without statutory or equitable tolling, the petition, which was filed December 10, 2023, is untimely.  The Court agrees with the Magistrate Judge's findings that Petitioner has not shown entitlement to a later state date, statutory tolling, equitable tolling, or presented a properly supported claim of actual innocence.  ECF No. 14 at PageID #: 1895–97.  Thus, the Court overrules the objections and dismisses the petition as untimely.

(5:24CV25)

### IV.    Conclusion

For the foregoing reasons, the Report and Recommendation (ECF No. 14) is adopted,

Petitioner's objections (ECF No. 15) are overruled, and the Petition (ECF No. 1) is dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision

could not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.  28 U.S.C. § 2253(c);  FED. R. APP. P. 22(b).


IT IS SO ORDERED.


February 21, 2025                                          /s/ Benita Y. Pearson
Date                                                       Benita Y. Pearson
                                                           United States District Judge