PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| KEITH R. COOPER | ) ) ) | |
| | ) | CASE NO. 5-24-CV-00025 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KENNETH BLACK | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent | ) | [Resolving ECF No. 20] |

The Court considers Petitioner's Motion for Reconsideration (ECF No. 20).  The Motion is denied for the reasons herein.

### I. BACKGROUND

In 2019, Petitioner Keith Cooper was charged in Portage County, Ohio with two criminal counts of rape, one count of gross sexual imposition, and two counts of sexual battery.  ECF No. 14 at PageID #: 1878.  After partial dismissal, he was found guilty *via* jury trial on one count of rape and one count of sexual battery and sentenced to twelve years in state incarceration  ECF No. 14 at PageID #: 1878.

Petitioner timely filed a notice of appeal in state court.  ECF No. 14 at PageID #: 1879.
He argued there was: (1) substantial prejudice in denying removal of a juror for cause; (2) ineffective assistance of trial counsel; (3) guilty verdicts against the manifest weight of the evidence, and (4) consecutive sentences in error because the record clearly and convincingly did

(5-24-CV-00025)

not support a finding that multiple offenses were committed.  ECF No. 14 at PageID #: 1879.

The state appellate court overruled each assignment of error and affirmed the state trial court's

judgment.  ECF No. 14 at PageID #: 1879; *see State v. Cooper*, No. 2020-P-0086, 2021 WL

5298854, at *1 (Ohio Ct. App. Nov. 15, 2021).

Petitioner next appealed to the Supreme Court of Ohio arguing ineffective assistance of

trial counsel and improper consecutive sentences.  ECF No. 14 at PageID #: 1879.  The court

declined review under Supreme Court Practice Rules 7.08(B)(4).  ECF No. 14 at PageID #:

1879; *see State v. Cooper*, 181 N.E.3d 1208 (Ohio 2022).  Petitioner then filed an application to

reopen direct appeal in state appellate court raising two assignments of error: (1) ineffective

assistance of appellate counsel based on fast and speedy trial violation; and (2) ineffective

assistance of appellate counsel for not raising duplicative counts.  ECF No. 14 at PageID #:

1880.  The state appellate court denied the application after concluding that counsel was not

ineffective in failing to raise meritless assignments of error.  ECF No. 14 at PageID #: 1880.

Petitioner then filed a *pro se* petition to vacate or set aside his judgment in state trial court raising

various jurisdictional, constitutional, and procedural claims.  ECF No. 14 at PageID #: 1880–82.

The trial court denied the petition.  *See Cooper*, 2021 WL 5298854.

Petitioner next filed a *pro se* petition in federal court for *habeas corpus* relief under 28

U.S.C. § 2254.  ECF No. 1.  He raised twelve arguments variously challenging the validity of his

conviction, improper procedure, constitutionality, jurisdiction, and ineffective assistance of

counsel.  ECF No. 1 at PageID #: 5–51.  The Court referred the petition to the magistrate judge

for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  The

magistrate judge issued his R&R recommending that the Court dismiss the *habeas* petition as

time-barred and deny a certificate of appealability.  ECF No. 14 at PageID #: 1899.  Petitioner

2

(5-24-CV-00025)

timely objected to the R&R.  ECF No. 15.  Therein, he resuscitated his original arguments and objected to denial because the content of his claims "supersede" the statute of limitations.  ECF No. 15 at PageID #: 1917.  The Court overruled Petitioner's objections, adopted the R&R, and dismissed with prejudice.  ECF Nos. 16 and 17.  The Court subsequently denied Petitioner's post-dismissal *pro se* motion for leave request to proceed to judgment.  ECF Nos. 18 and 19.

On March 6, 2025, Petitioner moved for reconsideration under Fed. R. Civ. P. 59(e).  In the interim, he also moved the Sixth Circuit for authorization to file a second or successive § 2254 petition.  ECF No. 27 at PageID #: 2048.  A *habeas* petition filed while the first remains pending is not considered second or successive; instead, it is treated as a motion to amend under Fed. R. Civ P. 15.  *See In re Stevenson*, 889 F.3d 308, 309 (6th Cir. 2018).  Consequently, the Sixth Circuit transferred Petitioner's motion to the Court for consideration as a proposed amendment to his motion for reconsideration.  ECF No. 28.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for a standalone "motion for reconsideration."  *See Townsend v. Foley*, No. 1:21-CV-2264, 2024 WL 3532925, at *2 (N.D. Ohio July 25, 2024).  Such titling is instead construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).[1]  *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).  A litigant may seek to alter or amend a judgment by filing a motion no later than 28 days after entry of judgment.[2]  *See* Fed. R. Civ. P. 59(e).  These motions are extraordinary and seldom granted because they contradict inherent rule-of-law "notions of finality and repose."

---

[1] As a *pro se* Motion, the Court holds Petitioner's pleadings to a "less stringent standard."  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)).

[2] Petitioner timely filed this motion on March 6, 2025.  ECF No. 20.

3

(5-24-CV-00025)

*Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011)

*(quoting *Waiters v. City of Cleveland*, No. 1:08-CV-2006, 2009 WL 3063384, at *1 (N.D. Ohio

Sept. 24, 2009))*.  District courts may grant a motion to alter or amend only upon finding there

was:

> (1) A clear error of law;
> (2) Newly discovered evidence;
> (3) An intervening change in controlling law; *or*
> (4) A need to prevent manifest injustice.

*See *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017)*.  A Fed. R.

Civ. P. 59(e) motion is not "an opportunity to re-argue a case."  *Sault Ste. Marie Tribe of

Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)*.  Nor is it a second chance for

litigants to "raise arguments which could, and should, have been made before judgment issued."

*Id.* *(quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)*.

### III. DISCUSSION

Petitioner does not merit altered or amended judgment because he does point to a clear

error of law, newly discovered evidence, intervening change in controlling law, or a sufficient

need to prevent manifest injustice.  *See *Mich. Flyer*, 860 F.3d at 431*.  First, he reiterates many of

the meritless arguments from his original petition (*e.g.*, that "granting him a court appointed

attorney would have been the most logical and ethical thing to do" and that "the juries' verdicts

were wrongful and perverted.")  ECF No. 20 at PageID #: 1966.  Second, he offers baseless new

grounds incapable of resolution (*e.g.*, that "there was no humanity demonstrated when this

dismissal judgment was issued out, disclosed, and delivered with such malice. Why with such

malice?")  ECF No. 20 at PageID #: 1965.  Petitioner's writings continue to emphasize his

disagreement with all the state and federal tribunals he has ever faced, rather than arguing

4

(5-24-CV-00025)

precise, narrow grounds for alteration or amendment of judgment on *habeas* relief.  *See, e.g.*,
*Ahreshien v. Watson*, No. 3:22 CV 1303, 2025 WL 2418920, at *1 (N.D. Ohio Aug. 21, 2025);
*Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1997).

Applying its discretion, the Court determines that Petitioner's motion, however
construed, does not warrant reconsideration, alteration, or amendment of judgment.  *See Huff v.
Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  Given his chosen tactics, Petitioner's
proper recourse "is not by way of a motion for reconsideration, but appeal to the Sixth Circuit."
*McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio
1996) (quoting *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991)

### IV. CONCLUSION

Petitioner's Motion for Reconsideration (ECF No. 20) is denied for the foregoing
reasons.[3]  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this
decision could not be taken in good faith, and that there is no basis on which to issue a certificate
of appealability.  *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 October 31, 2025                                          */s/ Benita Y. Pears*on
 Date                                                      Benita Y. Pearson
                                                           United States District Judge


---

[3] Consequently, Petitioner's Motion for Leave Requesting Amendment Revival (ECF No.
21), Motion for Relevant Distinction of Facts (ECF No. 22), Motion for Disqualification of
Magistrate Judge (ECF No. 24), Motion for Appointment of Counsel (ECF No. 26), Motion for
Leave and Status Update (ECF No. 28) are dismissed as moot.

5